UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X

HAROLD WATKINS,

      Petitioner,

  -against-

JOSEPH SMITH,

      Respondent.

-------------------------------------------------------- X

NOT FOR PUBLICATION

**MEMORANDUM
DECISION AND ORDER**

05 Civ. 4469 (BMC)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.

★ AUG 1 ★

BROOKLYN OFFICE

**COGAN**, District Judge.

I assume familiarity with the facts underlying this petition for a writ of habeas corpus under 28 U.S.C. §2254. The original petition, prepared with the assistance of counsel, identified six points for review but petitioner's memorandum of law, filed after respondent filed his opposition and also prepared by counsel, briefed only three of those. To the extent petitioner has not abandoned the three points that he has not briefed, I find them to be without merit.[1] As to the remaining three points, the state courts on direct appeal rejected the claims that petitioner makes here, and, accordingly, I will apply the deferential standard of review under 28 U.S.C. §2254(d) as explained in Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000).

Each of the three points that petitioner has pursued essentially address alleged errors of state procedural or evidentiary law that petitioner is attempting to elevate to the

---

[1] The six points identified in the petition were apparently taken verbatim from petitioner's Appellate Division brief. The three points that are not briefed in petitioner's memorandum of law here concern matters that raise issues solely of state law.

level of federal constitutional claims. I find that none of them fairly rise to that level and accordingly DENY the petition.

## I. Insufficiency of the Evidence

### A. Actual Presence

Petitioner's first point argues that there was insufficient evidence as to the element of "actual presence" to support the "gang assault" charge. I find that there was sufficient evidence, albeit circumstantial, that petitioner was present at and in a position to assist the assault as it occurred. (There was overwhelming evidence that petitioner was the architect of the plan for the assault and that he procured the weapon for the assailants that he enlisted and to whom he gave instructions to slash the victim.) When the assailants regrouped with petitioner in the mall parking lot after the assault, petitioner never asked them what they had done nor any particulars of the assault, even though he had induced them to commit the assault. A jury could rationally conclude from that exchange that petitioner already knew what had happened because he had witnessed it. In addition, the record contains petitioner's admissions in the form of discussions with a third party after the assault in which petitioner described particulars of the assault. The jury could infer from these admissions that they were based on personal observation.

That one witness estimated that petitioner was 1000 feet from the assault is not determinative, since other evidence contradicted that witness's testimony. Nor does one of the assailant's testimony on cross-examination that petitioner was not "with" her "at the moment of the attack" preclude a finding of actual presence, because the jury could readily have construed that testimony as referring to standing next to her, which the statute does not require.

2

Petitioner does not contend that the jury was improperly instructed on "actual presence;" the jury rejected lesser charges that did not have an "actual presence" element and instead convicted petitioner on the gang assault charge. There is little state court authority construing this element of the gang assault statute (although there is more construing the requirements of the robbery statute from which it is derived), and thus in finding the evidence sufficient on this element, the Appellate Division was essentially construing the requirements of a state statute.

On this record, I cannot find that the Appellate Division unreasonably applied Jackson v. Virginia, 443 U.S. 307, 326, 99 S.Ct. 2781, 2793 (1979), especially since Jackson presents such a narrow standard of habeas review for this kind of claim: "[A] federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume – even if it does not affirmatively appear on the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution."

### B. *Intent to Inflict Serious Injury*

Petitioner also challenges the sufficiency of the evidence on his intent to inflict serious injury, an element of the gang assault charge. One of the assailants testified that petitioner "handed out the razors, told us to go in the mall and slice somebody's face, and bring the razors back to him with the blood on it." There is other evidence that corroborates that testimony, as well as evidence that contradicts it. Petitioner contends that viewing the evidence in the light most favorable to the prosecution, all this shows is that petitioner intended to inflict "injury," not "serious injury." The argument is wholly without merit and raises no federal constitutional claim.

3

## II. Disallowance of Petitioner's Proffered Expert Testimony

A state trial court's evidentiary rulings are a matter of state law and rarely raise federal constitutional issues. See, e.g., Estelle v. McGuire, 502 U.S. 62, 67-69, 112 S.Ct. 475 (1991); Crane v. Kentucky, 476 U.S. 683, 689, 106 S.Ct. 2142 (1986) ("We acknowledge ... our traditional reluctance to impose constitutional constraints on ordinary evidentiary rulings by state trial courts."). Even if the challenged evidentiary rulings are erroneous, habeas relief is warranted only if the error was so egregious that it amounts to a constitutional violation. See Ayala v. Leonardo, 20 F.3d 83, 91 (2d Cir. 1994).

The Appellate Division's affirmance of the trial court's decision to not allow plaintiff's proffered expert did not unreasonably apply Supreme Court authority that guarantees petitioner a right to present his defense. See, e.g., Taylor v. Illinois, 484 U.S. 400, 108 S.Ct. 646 (1988); Chambers v. Mississippi, 410 U.S. 284, 93 S.Ct. 1038 (1973). The trial court had a rational basis for precluding the testimony – that the expert had not sufficiently studied how the Crips (the gang of which petitioner was a member) operate on Long Island and had no knowledge of the particular facts at issue in the case. This was a discretionary ruling under state law and I would have to find something beyond an abuse of discretion to warrant habeas relief.

Petitioner argues that since the evidence of guilt was a close question, the decision to disallow the expert's testimony requires special scrutiny. The evidence was not close. Five witnesses either named petitioner as the mastermind behind the attack or tied him closely to it. Petitioner attacks the credibility of each witness for different reasons, but the jury is presumed to have rejected these challenges. I therefore conclude that any error

in disallowing the expert testimony did not render the petitioner's trial fundamentally unfair.[2]

### III. Identification Evidence

I do not see any constitutional infirmity in the identification procedure that was used in this case. All that is before me on the record is that prior to trial, witnesses Wesley and perhaps Thomas picked petitioner out of a photographic array of six black males and then confirmed their identification at trial. It appears that petitioner's argument stems from, and may in fact be identical to, the argument he made to the Appellate Division that the prosecution had failed to comply with NYCPL §710.30, requiring notice within 15 days of arraignment that a photo array was used. However, the cases have uniformly held that violations of this statute do not state a federal constitutional claim. See McCullough v. Bennett, 438 F.Supp.2d 185, 188 (W.D.N.Y. 2006) (collecting cases).

The only colorable federal constitutional claim to which petitioner alludes is that the trial court should have conducted an evidentiary hearing instead of denying the motion to suppress the eyewitnesses' testimony based solely on argument. Petitioner's citation to Watkins v. Sowders, 449 U.S. 341, 101 S.Ct. 654 (1981), which denied habeas relief against the contention that due process requires an evidentiary hearing on identification outside of the jury's presence, is unavailing. Petitioner points to no

---

[2] Apparently because the Appellate Division disposed of this claim, along with others, by stating that petitioner's "remaining contentions either are not preserved for appellate review, without merit, or constitute harmless error," People v. Watkins, 5 A.D.3d 510, 511, 772 N.Y.S.2d 601 (2d Dep't 2004), petitioner's brief includes a substantial discussion as to whether the alleged error was harmless. It is not at all clear that the Appellate Division's language in rejecting the claim triggers harmless error review in this Court. See Jiminez v. Walker, 458 F.3d 130 (2d Cir. 2006). However, applying the standard of review that the Supreme Court recently announced in Fry v. Pliler, ___ U.S. ___, 127 S.Ct. 2321 (2007), were I to consider harmless error, I would hold, for the same reasons set forth above, that the exclusion of the expert testimony did not have a substantial and injurious effect or influence in determining the jury's verdict.

5

Supreme Court authority that requires such a hearing. He does rely on Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243 (1977), and Neil v. Biggers, 409 U.S. 188, 3 S.Ct. 375 (1972), but since he points to no infirmity in the pretrial identification process, it is not clear how the Appellate Division could have unreasonably applied those cases.

In any event, it was not error for the trial court to deny petitioner an evidentiary hearing as to the two eyewitness' identification of him.[3] First, five other witnesses testified that petitioner was with them in the mall shortly before the attack, so these two witnesses' confirmation that they also saw him there was cumulative; in fact, petitioner's presence in the mall was not really in issue. Second, the photographic identification was at most confirmatory of the witness' personal knowledge of petitioner, as there was evidence before the trial court that both witnesses knew petitioner and had seen him a number of times before being shown the photographic array by the police.

As to one of the witnesses, Thomas, during argument on the motion to suppress, the prosecutor stated that Thomas and petitioner had worked together and were known to each other. Petitioner's trial counsel did not challenge that statement, and the trial judge logically drew the conclusion that it was true. Since Thomas and petitioner knew each other, it did not matter that Thomas was shown the photographic array before trial (if, indeed, Thomas was even shown a photographic array, an issue on which the record is ambiguous).

As to Wesley, the other witness, while he had less contact with petitioner than Thomas, there was evidence that he was familiar with petitioner from seeing him before

---

[3] Petitioner again claims that the error was not harmless, see fn. 2, supra, but since he says nothing about what would have happened if the trial court had conducted such a hearing, there is no error to which a harmless error analysis could apply.

6

and after the attack, prior to selecting him from the photo array. Once again, the prosecutor's proffer during argument of the motion was not challenged by petitioner's trial counsel, and the trial court was entitled to draw the inference that the statement was true, and that the photographic array was confirmatory.

As petitioner has pointed to no infirmity in the use of the photographic array other than the failure to give notice according to a state statute, the Appellate Division's decision did not unreasonably apply any Supreme Court precedent.

## CONCLUSION

The petition is DENIED. The Clerk is directed to enter judgment in favor of Respondent. Petitioner has failed to make a substantial showing of the denial of a constitutional right. Therefore, a certificate of appealability shall not issue. 28 U.S.C. §2253(b)(2).

**SO ORDERED.**

/S/
U.S.D.J.

Dated: Brooklyn, New York
August 9, 2007

7